UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  1:20-cv-24085-BLOOM/Otazo-Reyes

JOE NATHAN PYATT, JR,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 6, 2020, *pro se* Plaintiff filed a Motion for Miscellaneous Relief, ECF No. [4] ("Motion"), seeking permission to file pleadings and motions electronically via CM/ECF rather than in person. On October 7, 2020, the Court entered an Omnibus Order, ECF No. [7] ("Order"), granting the Motion along with Plaintiff's motion to proceed *in forma pauperis*.

Rule 5(d)(3)(B), Fed. R. Civ. P., provides that *pro se* litigants "may file electronically only if allowed by court order or by local rule" and "may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions." Southern District of Florida Local Rule 5.1(b), moreover, states that *pro se* parties are exempted from the service and filing of documents via CM/ECF "pursuant to Section 2C of the CM/ECF Administrative Procedures." That section, in turn, directs that

> Pro se litigants will ***not*** be permitted to register as Users at this time and must file their documents in the conventional manner, unless otherwise allowed by court order or by local rule. Pro se litigants may access the electronic record at the public counter in the Clerk's Office in all divisions or through PACER. Pro se litigants

> will be served and noticed by U.S. mail or in person (or, if agreed, by email), unless there is consent to receive notices electronically as indicated below.

*Id.* (emphasis added).

The Court has been advised that the NextGen system is not updated to allow *pro se* filings. Although efforts are underway to allow *pro se* filings through CM/ECF, the system does not permit *pro se* parties to electronically file court documents with the Clerk's office at this time. Against this backdrop, the Court recognizes that Plaintiff previously purchased a new laptop so that he could file documents remotely, *see* ECF No. [4] at 2, and it is sympathetic to burdens attendant to his present inability to file documents electronically. However, until such time as the Clerk's office can process *pro se* electronic filings, Plaintiff must file documents through the conventional method.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Order, **ECF No. [6]**, is **VACATED IN PART** as to its ruling related to the Motion, ECF No. [4]. The Order as it relates to Plaintiff's IFP Motion, ECF No. [3], stands.
2. The Motion, **ECF No. [4]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Joe Nathan Pyatt, Jr.
7840 Harding ave
Apt. 6

2

Case No.  1:20-cv-24085-BLOOM/Otazo-Reyes

Miami Beach, FL 33141
Email: Joe.nathan.pyattjr@gmail.com